# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 116 | **DATE** | January 18, 2008 |
| **CASE TITLE** | Louis Sheptin (#90355-024) v. Attorney General | | |

**DOCKET ENTRY TEXT:**

Plaintiff Louis Sheptin's Supplement to Emergency Application for Habeas Relief seeks not habeas relief, but rather, civil rights injunctive relief. The Court converts this case into a civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff should submit an amended complaint naming as defendants individuals either personally involved with providing inadequate medical care, as alleged by Plaintiff, or individuals able to provide plaintiff with the injunctive relief he seeks. The Attorney General is not a proper defendant in this case. Additionally, Plaintiff must either prepay the $350 filing fee or submit an application to proceed *in forma pauperis*. Though Plaintiff already accumulated three strikes under 28 U.S.C. § 1915(g), the Court finds that his petition demonstrates that he is in imminent danger of serious physical injury. Failure to: (1) pay the filing fee or submit an application to proceed *in forma pauperis*, and (2) submit an amended complaint in accordance with this order, within 30 days of the date of this order, may be construed as Plaintiff's desire not to proceed with this case and may result in dismissal without prejudice. The clerk shall mail an amended complaint form and an *in forma pauperis* application to Plaintiff as soon as possible. If Plaintiff does not want to proceed with this case as a civil rights suit, he should file a motion to voluntary dismiss this case.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Louis Sheptin, currently incarcerated at Metropolitan Correctional Center (MCC), has filed an Emergency Application for a Writ of Habeas Corpus. He states that: he suffered a heart attack on December 7, 2007; he was taken to the emergency room at St. Anthony's Hospital, where he underwent angioplasty surgery; he was diagnosed with diabetes and breast cancer, and instructed to have follow up care; the list of medications sent with him to MCC was for a different patient; Dr Harvey, apparently a member of the prison medical staff, did not notice the incorrect name on the list of medications and administered wrong medication to Mr. Sheptin; Mr. Sheptin subsequently was taken to Northwestern Hospital with low blood pressure, "cardiac collapse," and low blood sugar; his first follow up exam with Dr. Harvey was to be on December 26, 2007. Mr. Sheptin seeks "release or medical bond."

Although Mr. Sheptin filed his action as an emergency petition for habeas relief, his request for relief does not lie in habeas. Mr. Sheptin is not seeking "what can fairly be described as a quantum change in the level of custody." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991). His challenge to the quality of his medical care does not question the fact, duration, or degree of his confinement, but rather, challenges the conditions of his confinement, and he must turn to an action seeking injunctive relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Falcon v. United States Bureau of Prisons*, 52 F.3d 137 (7th Cir. 1995); *see also Glaus v. Anderson,* 408 F.3d 382, 388 (7th Cir. 2005).

**(CONTINUED)**

isk

**STATEMENT (continued)**

     Although this Court does not usually convert a habeas petition into a civil rights action, the circumstances of this case – Mr. Sheptin proceeding as a *pro se* inmate and the nature of his claims – warrant such a conversion. *See Graham*, 922 F.2d at 381-82; *see also Falcon*, 52 F.3d at 139 (declining to convert an action seeking civil rights relief mislabeled as a habeas petition only after petitioner's counsel refused such a conversion). However, Mr. Sheptin has the option of informing the Court that he does not wish to proceed with a civil rights action. *See Glaus,* 408 F.3d at 389. If Mr. Sheptin does not wish to proceed with this case as a civil rights action, he should file a motion to voluntarily dismiss this case.

     For the reasons stated above, the Court converts Mr. Sheptin's emergency petition for habeas relief into a civil rights complaint seeking injunctive relief and, perhaps, damages against federal defendants under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, the only named defendant in this case, the Attorney General, is not a proper defendant. Mr. Sheptin should submit an amended complaint naming those persons responsible for providing inadequate medical attention or who are able to provide the injunctive relief he seeks. Also, Mr. Sheptin has neither paid the $350 filing fee, nor submitted a motion to proceed *in forma pauperis*. Having already received three strikes under 28 U.S.C. § 1915(g), *Sheptin v. Tippit*, 99 C 499 (D. Minn., dismissed May 27, 1999); *Sheptin v. U.S. Dept. of Justice*, 92 C 1328 (M.D. PA, dismissed April 8, 1993); *Sheptin v. U.S. Attorney*, 91 C 12 (N.D. GA, dismissed Feb. 11, 1991), this Court must first determine that Mr. Sheptin is under imminent danger of serious physical injury before allowing him to proceed *in forma pauperis*. Finding that the allegations in Mr. Sheptin's petition support such a finding, *see Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), the Court allows Mr. Sheptin to seek *in forma pauperis* status for this case. If Mr. Sheptin wants to proceed *in forma pauperis*, he must submit a completed *in forma pauperis* application. The clerk shall forward to Mr. Sheptin an *in forma pauperis* application and an amended complaint form. To continue with this civil rights action, Mr. Sheptin should (1) either prepay the $350 filing fee or submit an application to proceed an *in forma pauperis*, and (2) submit an amended complaint naming proper defendants. Mr. Sheptin is given 30 days to comply with this order. Failure comply with this order may be construed as his desire not to proceed with this action and may result in dismissal of this suit without prejudice.