FILED
JAN 2 8 2008
Jan 28 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the United States District Court
For the Northern District of Illinois
Eastern Division

Louis C. Sheptin,

v.

P. Harvey et al.

Case # 08 CV 0116

Emergency Legal Memo to Court

## Legal Memorandum

Plaintiff herewith submits the attached Legal Memorandum with regards to Defendant's Refusal to follow-up on a Positive Mammogram and Torn Rotor Cuff of Left Shoulder; and Disclosure of Medical Records.

—1—

## LEGAL MEMORANDUM

Plaintiff asserts that Defendant(s) had an obligation under law to insure that the correct medical records were sent to Plaintiff's facility. Uniform Health Care Information Act §§ 2-101(a).

That Defendant(s) breached that Act when they disclosed the Health Care Records of someone other than Plaintiff. Id. Hospitals Conference Committee Report No 93-1597 (1974) Page 11 and used them as Plaintiff's records

-2-

THAT JAMES T. CAIL'S MEDICAL RECORDS ARE EVIDENTIARY PROOF OF WRONGDOING. SEE UNIFORM RULES OF EVIDENCE, RULES 803(6).

FURTHER PLAINTIFF CITES THAT EXHIBITS ATTACHED TO THE COMPLAINT, IN THIS CASE ARE RECORDS KEPT PURSUANT TO A ROUTINE PROCEDURE DESIGNED TO ASSURE ACCURACY AND ARE NOT PREPARED FOR LITIGATION. <u>Capital Marine Supply v. M/V Roseboat Thomas</u>, 719 F2d 104; <u>U.S. v. Glasser</u>, 773 F2d 1553 (CA 5 CA)

-3-

Plaintiff has irrefutable proof of Uniform Health Care Information Act violations by Defendant Saint Anthony,[1] and even after being notified failed to attempt to recover[2] said Medical Records, US v Sanders, 719 F2d 195,[4] 16 Fed Rules of Evidence Serv-1274; U.S. v Croft, 750 F2d 1354, and continued wrongful disclosure.

Additionally, Defendant Walker, Sutor and Harvey had/and Obligations to continue treatment of Plaintiff's Shoulder Injury[3] instead of premature

---

[1] And P. Harvey, Defendant at MCC
[2] or correct
[3] and breast cancer

— 4 —

DISCHARGE OF PLAINTIFF[2]. <u>BALDOR v. ROGERS</u>,

81 So 2d 658, 55 ALR 2d 453 (FLA 1954).

Plaintiff cites ABANDONMENT BY SUTOR; AND HARVEY.

<u>TAROKCI-NOURI v GUNTHER</u>, 745 A2d 939 (2000 DC)

Additionally Plaintiff cites that

Negligence[1] has been found supportable

where a doctor failed to have a biopsy

made in order to determine whether or

not a growth was malignant. <u>JEANS v.</u>

<u>MILNOR</u>, 428 F2d 598 (8th Cir 1970); <u>O'Neille</u>

<u>v. Kiledijian</u>, 511 F2d 511 (1975)

—5—

1/ And 8 Amendment Violations too!
2/ From UIC via telephonic order on 1/10/08 (Dr Lo witness).

By the same token Sutor or Harvey should of ordered an MRI and/or Biopsy of Plaintiff's Breast and Shoulder[1]. Id See Also: <u>Fortner v. Koch</u> 272 Mich, 273 261 N.W. 762 (1935); O'Brian v. Stover, 443 F.2d 1013; <u>Hardy v. Southern Pacific Employees Ass'n</u>, 10 Ariz. App. 464, 459 P.2d 743 (1935)

In short the Treating Physician and Hospital breached their duty of care to the Plaintiff, thereby causing his injury(ies)

---

[1] Several doctors ordered follow-ups inclusive of Sutor, and afterward - however to date no one has followed-up the injury or breast mass

— 6 —

because they lacked the knowledge & skill possessed by an average physician in the community at the times that they failed to exercise ordinary and reasonable care in the application of their knowledge and skill, and they failed to use their best judgment in the application of this knowledge and skill. <u>Metzen v. U.S.</u>, 19 F3d 795 (1994); <u>Craig v. Murphree</u>, 35 Fed Appx 765 (10 Cir 2002) and caused plaintiff cruel & unusual punishment. Id

WHEREFORE, BASED UPON THE LEGAL MEMORANDUM, LAWS OF THE UNITED STATES, AND CITATIONS OF AUTHORITY, PLAINTIFF MOVES THAT COUNSEL BE APPOINTED, PRO BONO, OR SUMMARY JUDGMENT BE ENTERED.

1/24/08

Respectfully Submitted,

*(signature)*

Louis C. Shepton
71 W. Van Buren St
Chicago, IL 60605