

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOUIS C. SHEPTIN,
  Plaintiff

  vs.

P. HARVEY, CLINICAL
DIRECTOR MCC ET AL,
  Defendant(s)

Case # 08 CV 116

JAN 31 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Hon. M. KENNELLY, Judge

## MOTION FOR THE APPOINTMENT OF COUNSEL

COMES NOW, Plaintiff LOUIS SHEPTIN and for good cause shown, moves the Honorable Court to Appoint Counsel Pro Bono. Plaintiff would show:

1) Plaintiff has produced files & records which, under the Uniform Rules of Evidence, Rule 803(6) constitute acceptable evidence for Court Consideration. See U.S. v. Sanders, 749 F2d 195; U.S. v. Croft, 750 F2d 1354; U.S. v. Grassie 773 F2d 1553

-1-

2) Additionally the complexity of this case and the use of medical records belonging to someone else; and administration of someone elses medications (plural) to Plaintiff are of such exigious nature as to warrant appointment.

3) Additionally the mere fact that Defendant's released James T. Cain's medical records to Plaintiff constitute a clear violation of the Uniform Health Care Information Act section § 2-101(a).

4) Because Defendant(s) wilfully and intentionally with impunity fail to do follow-up treatment when both Hospitals Order, and symptoms indicate need for treatment and follow-up (See Chester v. U.S., 403 F. Supp 458 (1975) Aff'd 546 F.2d 413 (1976)

counsel should be appointed, as plaintiff's health worsens.

Because Plaintiff, pro se presents a case with sufficient evidence, witnesses, and is in imminent danger of serious bodily harm or death, circumstances should require the Honorable Court to think in the direction of Appointment of Counsel.

WHEREFORE, PREMISIS CONSIDERED THE Plaintiff Respectfully moves for Appointment of Counsel either Pro Bono or Contingency. As plaintiff's medical condition(s) worsen, it becomes more difficult to prepare litigation in this case.

Respectfully submitted,

[signature]

1/28/08

Louis C. Shepperton
71 W. Van Buren St
Chicago, IL 60605