UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS CHARLES SHEPTIN,              ) | |
|                                      ) | |
|        Plaintiff,                   ) | |
|                                      ) | |
|    v.                               ) | No. 08 C 116 |
|                                      ) | |
| ATTORNEY GENERAL, DOCTOR            ) | |
| HARVEY, Clinical Director at Metropolitan    ) | Judge George W. Lindberg |
| Correctional Center,                ) | |
|                                      ) | |
|        Defendants.                  ) | |

### MOTION TO RECONSIDER OR CLARIFY ORDER OF DISMISSAL

Plaintiff Louis C. Sheptin ("Sheptin"), by and through his attorneys, respectfully requests this Court to reconsider or clarify its *sua sponte* Order of June 23, 2008 dismissing this action and terminating this civil case. In support of this motion, Sheptin states as follows:

1. This is an action originally brought by Sheptin on a *pro se* basis seeking injunctive relief and monetary damages arising out of the poor and potentially life-threatening medical care he is receiving while incarcerated at the Metropolitan Correction Center in Chicago ("MCC"). On February 5, 2008, Judge Matthew F. Kennelly granted Sheptin's motion to proceed *in forma pauperis* in this proceeding. (Docket No. 34.)

2. On January 23, 2008, at Sheptin's request Judge Kennelly appointed Thomas J. McCarthy as counsel for Sheptin in this proceeding. (Docket No. 15.) Upon filing his appearance for Sheptin, counsel consulted with the designated counsel for one of the defendants and determined that the defendants intended to dispute whether Sheptin had satisfied the requirement that he exhaust his administrative remedies.

3. Sheptin had complained repeatedly to MCC officials about the quality of his medical care, but in the interests of judicial efficiency and to avoid needless disputes over the issue of exhaustion, Sheptin filed a motion on February 12, 2008 asking the Court to remand this case to the Bureau of Prisons to permit Sheptin to undertake and complete any and all formal grievance procedures with the Bureau of Prisons and Department of Justice. Sheptin's motion also requested the Court to retain jurisdiction for the limited purpose of hearing any requests for emergency relief while the case was otherwise remanded to the Bureau of Prisons.

4. On February 13, 2008, this Court granted Sheptin's motion to remand to the Bureau of Prisons for further administrative proceedings, but denied Sheptin's request that the Court retain jurisdiction to hear requests for emergency relief while the case was remanded. (Docket No. 46.)

5. Since this Court's February 13th Order, Sheptin has been working through the labyrinth of Bureau of Prisons and Department of Justice grievance and claim procedures to preserve his claims and remove any possible argument that he has failed to exhaust his administrative remedies. Because Mr. Sheptin believes that his life is in danger while he remains incarcerated at the MCC, he has requested these remedies as expeditiously as possible, but the process is not yet complete because the Bureau of Prisons has not always responded to his grievances on a timely basis and, with respect to his tort claims, the Department of Justice allows for itself up to six months to respond to his complaints. With respect to the medical issues first raised in his *pro se* pleadings, Sheptin expects that these procedures will be completed by October.

6. On June 16, 2008, apparently in response to various *pro se* filings by Sheptin, the Court scheduled a status conference in this case. (Docket No. 53.) On June 23, 2008, this

Court *sua sponte* entered an Order striking the scheduled status conference, dismissing this action "[p]ursuant to the Court's Order of 2/13/2008," and terminating this case. (Docket No. 54.)

7. Apart from the reference to its prior Order, this Court's dismissal Order did not explain the basis for the dismissal of the action and termination of the case. As a result, the effect of the dismissal Order on Sheptin's ability to obtain future relief in district court is unclear under Rule 41 of the Federal Rules of Civil Procedure. Sheptin thus far has been unable to receive any reasonable redress for his grievances with either the Bureau of Prisons or the Department of Justice, so it is important that he be permitted to retain his right to assert his claims in federal court. Since this Court has never been presented with the merits of the substantive issues Sheptin has raised, the order dismissing this action should be clarified to make it explicit that the dismissal Order is *without* prejudice to Sheptin's right to assert these claims in the future.

8. In the alternative, Sheptin requests that this Court reconsider and vacate its dismissal Order. When the Court remanded this matter to the Bureau of Prisons in February, it did not dismiss or otherwise terminate this action. Rather, it afforded Sheptin the opportunity to go forward with the formal grievance and claim procedures established by the Bureau of Prisons and Department of Justice to avoid any needless disputes about the exhaustion requirement in this case. Even if the dismissal order is deemed without prejudice and Sheptin is allowed to file a new case in district court in the future, dismissing and terminating the present action while the formal administrative proceedings are being completed may have the practical effect of interfering with Sheptin's ability to assert his rights in any future lawsuit. In the present action, Sheptin has been granted leave to proceed *in forma pauperis*, and counsel has been appointed.

Since Sheptin's claim may be already subject to the "three strikes" rule of 28 U.S.C. 1915(g), there can be no assurance that he will be able to obtain this status in any future action.

For the above reasons, Sheptin respectfully requests that this Court enter an Order either (1) vacating its June 23 Order of Dismissal and allowing Sheptin to complete the formal administrative procedures for which this case was previously remanded or, in the alternative, (2) clarifying that its June 23 Order of Dismissal is entered without prejudice to Sheptin's right to file the claims previously asserted in this action in a future complaint.

Dated: June 26, 2008

                Respectfully submitted,

                s/ *Thomas J. McCarthy*
                Thomas J. McCarthy
                One of the Attorneys for Louis C. Sheptin

Thomas J. McCarthy
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 923-2768
tmccarthy@jenner.com